UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60235-CIV-HUCK/O'SULLIVAN

STEVE BRENNER,

        Plaintiff,

vs.

CHARLES FOX MILLER and MILLER,
SCHWARTZ & MILLER, P.A., a Florida
professional association,

        Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS COUNTS II AND III

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Counts II and III of the Complaint (the "Motion"), filed March 26, 2009 [D.E. #8]. The Court has reviewed the Motion, the Plaintiff's opposition and the Defendants' reply and is otherwise duly advised. For the reasons stated below, the Motion is denied.

The Defendants are moving to dismiss Counts II and III of the complaint as duplicative of Count I. The complaint alleges three separate causes of action: (1) Legal Malpractice (Count I), (2) Breach of Fiduciary Duty (Count II), and (3) Breach of Contract (Count III) against attorney Charles Fox Miller and the Law Firm of Miller, Schwartz & Miller, P.A ("Miller Law Firm"). The Defendants also move to dismiss Count III, the breach of contract claim, against the individual attorney, Charles Fox Miller, based on the argument that he signed the contract in his representative, not individual capacity, and therefore is not individually liable for any breach of contract.

I. **Counts II and III are not dismissed**

The Defendants argue that the breach of fiduciary duty (Count II) and breach of contract (Count III) claims should be dismissed as duplicative of the legal malpractice claim (Count I) because they are composed of the same duties, same conduct and same injuries. The Plaintiff responds that Florida law permits claims for breaches of fiduciary duty as distinct and independent from a claim for legal malpractice. The Plaintiff also argues that a claim for breach of contract is

not duplicative of a malpractice claim where the retainer agreement contains express promises which the Plaintiff alleges were breached. The Plaintiff further contends that even if those claims are duplicative, they are permitted as alternative theories of liability.

In this diversity action based on state law causes of action, the Court applies Florida law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under Florida law, courts permit plaintiffs to allege both legal malpractice and a breach of fiduciary duty in their complaints. *See, e.g., F.D.I.C. v. Martin*, 801 F.Supp. 617, 620 (M.D.Fla.1992). Florida law also allows plaintiffs to allege both legal malpractice and beach of contract. *See, e.g., Chipman v. Chonin*, 597 So. 2d 363, 364 (Fla. Dist. Ct. App. 1992). Thus, the Court is not required to dismiss or strike those counts,[1] particularly at the motion to dismiss stage, where the complaint is viewed in the light most favorable to the Plaintiff and the Plaintiff need only plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (U.S. 2007). Further, even if the Court were to find those counts duplicative, Fed. R. Civ. P. 8(d)(2) permits the Plaintiff to set forth claims in an alternative manner.

### A. **Malpractice and Breach of Fiduciary Duty**

The elements of a legal malpractice cause of action are: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) proof that the neglect of a reasonable duty is the proximate cause of a loss to the client. *Resolution Trust Corp. v. Holland & Knight*, 832 F. Supp. 1528, 1531-1532 (S.D. Fla. 1993). The "reasonable duties" that make up the second element of a malpractice claim include the duties of care and loyalty. *Id.* So, while its true that there is overlap between a claim for breach of fiduciary duty and a claim for legal malpractice, courts have consistently interpreted Florida law as permitting both claims of legal malpractice and breach of fiduciary duty when the Plaintiffs claim their attorneys "neglected both their fiduciary duty to their client and their reasonable duty as attorneys." *F.D.I.C. v. Martin*, 801 F.Supp. at 620 (denying a motion for summary judgment where Plaintiff alleged both breach of fiduciary duty and legal malpractice based on defendant law firm's failure to disclose material information to client).

There are numerous cases applying Florida law where courts adjudicate plaintiff's allegations

---

[1] Although the Motion is styled as a motion to dismiss, it appears to be more akin to a motion to strike with respect to these arguments, since in essence, the Defendants are not arguing that the Plaintiff has failed to state a claim, but rather that the Plaintiff has stated a claim too many times.

of legal malpractice, breach of fiduciary duty and breach of contract. The courts in those cases generally permit all of those claims to proceed, without explicitly holding that plaintiffs are permitted to bring them simultaneously. *See, e.g.*, *Jones v. Law Firm of Hill & Ponton*, 223 F. Supp. 2d 1284 (M.D. Fla. 2002) (report and recommendation holding that "the absence of damages precludes recovery for malpractice, negligence, breach of fiduciary duty, and breach of contract"). While courts usually end up analyzing both claims for breach of fiduciary duty and malpractice under the rubric of a malpractice claim, they are not required to dismiss the breach of fiduciary duty claims. *See, e.g.*, *Jackson v. Bellsouth Telecomms.*, 2002 U.S. Dist. LEXIS 27441, *13 (S.D. Fla. Nov. 26, 2002) (determining that the "essential thrust" of the breach of fiduciary duty claims based on the attorney-client relationship and malpractice claims was one of legal malpractice and analyzing the claims using the elements of legal malpractice).

### B. Malpractice and Breach of Contract

With respect to the breach of contract claim, while again there is some overlap in the facts relevant to that claim and the legal malpractice claim, Plaintiff is nevertheless permitted to plead both of those claims under Florida law.[2] The Plaintiff notes that despite some overlap, those claims are distinct because even if the court were to conclude that the Defendants exercised due care in providing their legal services, the court could still find that the Defendants failed to provide Plaintiff with the full legal services set forth in the retainer agreement. Moreover, even when using the same nexus of facts to support both claims for malpractice and breach of contract, Florida courts have permitted both claims to proceed. *See, e.g.*, *Chipman v. Chonin*, 597 So. 2d 363, 364 (Fla. Dist. Ct. App. 1992) (allowing plaintiff to bring both breach of contract and legal malpractice claims, but finding that plaintiff failed to prove the requisite causation for both claims).

### C. Pleading in the Alternative Permissible

Even if the Court were to find the breach of fiduciary duty and breach of contract claims are duplicative of the malpractice claim, the Plaintiff is permitted to plead alternative theories of recovery. Fed. R. Civ. P. 8(d)(2) permits "a party may set forth two or more statements of a claim

---

[2]The Defendants cite a case from the Southern District of New York stating that under New York law, a breach of contract and malpractice claims are duplicative if both arise from the same facts and give rise to the same damages. There appears to be no similar holding under Florida law.

or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."  The court in *Resolution Trust* found that both theories of malpractice and breach of fiduciary duty were permissible under Rule 8(d)(2) as alternative pleadings. 832 F. Supp. at 1531-1532.  Here, the Court also finds that Counts II and III are permissible pleadings in the alternative.

II. **Count III is not dismissed with respect to Defendant Miller**

The Defendants also argue that the claim for breach of contract against the individual attorney, Charles Fox Miller, should be dismissed because he signed the contract in his representative capacity.  Florida courts review contracts "as a whole to determine whether the parties intended to bind their principal businesses alone, or also the signing agents in their individual capacities." *MacKendree & Co., P.A. v. Pedro Gallinar & Assocs., P.A.*, 979 So. 2d 973, 967 (Fla. Dist. Ct. App. 2008).  The Plaintiff submitted a copy of the contract as an exhibit to its response to the Motion. The first line of the contract reads that Plaintiff "hereby retain[s] Charles Fox Miller, Esquire, of Miller, Schwartz & Miller, P.A. as counsel to represent [Plaintiff] with respect to the dissolution of marriage..." Resp.. to Mot. to Dismiss, Ex. A.  The signature block of the contract has a space for approval and acceptance by Miller, Schwartz & Miller, P.A., with a blank line and Defendant Fox Miller's name printed under the blank line. *Id.* The Court notes that the copy of the contract submitted by the Plaintiff is not signed by Mr. Fox Miller or any other representative of the Miller Law Firm.[3]

At the motion to dismiss stage, the Court accepts all well-pleaded facts as true, and all reasonable inferences therefrom are construed in the light most favorable to the plaintiffs. *Ziemba v. Cascade Int'l, Inc.*, 256 F. 3d 1194, 1198 n.2 (11th Cir. 2001).  Other factors Florida courts have considered to determine whether an individual intended to be personally bound by a contract are the inclusion of the signatory's title with his signature and the inclusion of specific language binding the individual signatory. *Porlick, Poliquin, Samara v. Compton*, 683 So. 2d 545, 547 (Fla. Dist. Ct. App. 1996). Here, there is no signature by Defendant Fox Miller and there is no explicit language binding him.  However, the language in the first line with respect to Defendant Fox Miller being specifically retained weighs toward a finding Defendant Fox Miller individually bound.  At the

---

[3] Neither party has submitted or indicated the existence of a contract that is actually signed by Mr. Fox Miller or any other representative of the law firm.

motion to dismiss stage, when viewing all facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff has stated a plausible claim that Defendant Fox Miller is individually liable on the contract. Therefore, the allegations of Count III as they pertain to Defendant Fox Miller individually shall not be dismissed at this time.

### III. **Conclusion**

For the reasons stated above, the Motion is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, this May 18, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record